UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

ROYLAND RICE,

        Defendant.

_____/

No. CR 12-00818 PJH

**ORDER DENYING MOTION FOR RECONSIDERATION**

Defendant Royland Rice has filed an ex parte[1] motion for reconsideration of the order denying his motion to dismiss the indictment. Rice seeks reconsideration of the court's ruling on the ground that the authority cited by the government in opposition to the motion to dismiss is distinguishable from his case. Having reviewed the papers and the applicable legal authority, the court DENIES the motion for reconsideration.

**BACKGROUND**

In a separate proceeding, *U.S. v. Rice*, CR 01-40123 CW, Rice was convicted in January 2003 of six counts of unarmed bank robbery and one count of attempted bank robbery, and sentenced to 120 months imprisonment and 3 years supervised release. While on supervised release, Rice was arrested for bank robbery by local authorities on September 19, 2012. After the state dropped the bank robbery charges, the federal arrest warrant for offender under supervision was issued on September 21, 2012.

---

[1] It is not clear why defendant's motion was filed ex parte, meaning without notice to the opposing party - here the government. Unless a party requests and is granted permission to file a motion under seal or unless a statute or rule permits a motion to be made without notice, all motions must be filed in the public record and served on the opposing party.

The present indictment, filed November 15, 2012, alleges that Rice robbed a bank on September 11, 2012, in violation of 18 U.S.C. § 2113(a). Rice made an initial appearance on the federal bank robbery charge on November 28, 2012.

Rice filed two motions to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12, alleging that the indictment was not timely filed and noting the delay between his arrest for supervised release violation and his initial appearance on the bank robbery indictment, a period of 68 days. Rice sought dismissal on the following grounds: (1) failure to hold a preliminary hearing on the indictment in violation of Federal Rule of Criminal Procedure 5.1; (2) violation of his right to a speedy trial under the Sixth Amendment; (3) violation of the Speedy Trial Act, 18 U.S.C. § 3161, et seq.; (4) dismissal for unnecessary delay pursuant to Federal Rule of Criminal Procedure 48(b); (5) defendant was not brought before a court having jurisdiction over him for violation of a condition of release, in violation of 18 U.S.C. § 3606; (6) failure to proceed under the requirements of Federal Rule of Criminal Procedure 32.1(b) - (e). The government filed an opposition to the motions to dismiss, and Rice filed a reply, styled as a "Supplemental Motion and Authorities in Support of Motion to Dismiss Indictment." After holding a hearing on the motions, the court denied the motions to dismiss for the reasons stated on the record. *See* December 5, 2012 Criminal Minutes.

In the motion for reconsideration, Rice contends that he did not have sufficient time to review the authority cited in the government's opposition and now seeks reconsideration of his motion to dismiss based on his reading of *United States v. Contreras*, 63 F.3d 852, 855 (9th Cir. 1995).

**DISCUSSION**

In the motion to dismiss, Rice argued that the indictment was not timely filed within 30 days of his arrest for the supervised release violation pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b), which provides as follows:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a

> summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

Failure to comply with § 3161 requires dismissal of the indictment. 18 U.S.C. § 3162(a).

Rice contends that he was arrested for a supervised release violation that was "in connection with" the charges in the indictment for purposes of the Speedy Trial Act. Although the supervised release violation and the indictment involve the same underlying conduct here, there is no "same conduct" standard for purposes of applying the Speedy Trial Act. *Contreras*, 63 F.3d at 855. In *Contreras*, the Ninth Circuit held that for purposes of triggering the Speedy Trial Act, "18 U.S.C. section 3161(b) requires something more than that the acts leading to the detention be the same as those underlying the eventual criminal charge." *Id.* (citing *United States v. Hoslett*, 998 F.2d 648, 653 (9th Cir. 1993)). For an arrest to be made "in connection with" charges in the indictment within the meaning of § 3161, "'something more' might mean using an earlier charge as 'a ruse for delay in obtaining an indictment.'" *Id.* (quoting *Hostlett*, 998 F.2d at 653).

In *Contreras*, the defendant was convicted in 1989 on a charge of cocaine possession with intent to distribute. He was sentenced to a term of imprisonment and supervised release for the cocaine charge, and deported to Mexico after serving his prison sentence, at which time his period of supervised release began to run. The terms of Contreras's supervised release prohibited him from returning to the United States without first obtaining written permission from the U.S. Attorney for the District of Oregon and I.N.S. officials. *Id.* at 854. During the three-year period of supervised release, in January 1993, Contreras returned to the United States and was arrested on another drug charge, which was later dismissed. *Id.* While Contreras was in custody for the drug charge, he was arraigned for a supervised release violation in April 1993, and indicted for aggravated illegal entry seven months later, in November 1993. The court of appeals held that the arrest for the supervised release violation did not trigger the Speedy Trial Act with respect to his indictment on the illegal reentry. *Id.* at 855.

In rejecting Contreras' argument that the arrest for the supervised release violation was "in connection with" the illegal reentry indictment because he was arrested and indicted for the same underlying conduct, i.e., reentering the United States without permission, the court of appeals held, "we do not use a 'same conduct' standard for purposes of applying the Speedy Trial Act." *Id.* at 855. The Ninth Circuit upheld the district court's finding that "Contreras' detention from April to November was not on account of a government effort to gather evidence to obtain an indictment." *Id.* The court in *Contreras* held that there was not "something more" than the same underlying conduct to connect the arrest for supervised release violation with the subsequent indictment. "We see, rather, that Contreras was held in custody on both the drug charge and the supervised release violation until November 18, the date on which he was indicted on the illegal reentry." *Id.* The court concluded, "It was, therefore, only upon Contreras' November 18, 1993 arrest and indictment for illegal reentry that the time periods of the Speedy Trial Act were triggered." *Id.*

In denying Rice's motion to dismiss, the court determined that in the absence of "something more" than the same underlying conduct to connect the arrest for supervised release violation with the indictment, Rice's arrest on the supervised release violation did not start the Speedy Trial Act clock with respect to the subsequently filed indictment. Rice contends that the drug charges in *Contreras* distinguish that case from the supervised release violation charged against him here to argue that his supervised release violation forms the basis of the subsequent charges against him in the indictment. Mot. Reconsideration at 5. Rice misreads *Contreras* because the arrest at issue there was not the January 1993 arrest for the drug offense, but the April 1993 arrest for the supervised release violation. *Id.* at 855.

Following *Contreras*, the court found that Rice's supervised release arrest did not amount to a ruse for delay in obtaining the indictment. The probation officer's affidavit in support of the petition for arrest warrant indicates that the defendant was observed by video surveillance driving away from the bank robbery in a 1976 brown Ford Ranchero with

4

a white camper shell, and that defendant was arrested 8 days later driving a car with that description; a report by local law enforcement describing evidence in support of the bank robbery charge was verbally provided to the probation officer. *See United States v. Rice*, CR 01-40123 CW, Docket No. 277. In light of this record, and given that Rice had already been arrested by local police for the bank robbery, there is no basis to find that the government arrested defendant on the supervised release violation as a ruse to delay in obtaining an indictment on the bank robbery charge two months later. *Contreras*, 63 F.3d at 855.

Rice fails to show a violation of the Speedy Trial Act, and does not demonstrate a basis for reconsideration of the order denying his motion to dismiss.

## CONCLUSION

For the reasons set forth above, and for the reasons stated at the hearing on the motions to dismiss, the court DENIES Rice's motion for reconsideration of the order denying his motion to dismiss the indictment.

**IT IS SO ORDERED.**

Dated: January 14, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge